IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JESSE MARION BAILEY, § <br> TDCJ-CID NO. 1150657, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN,[1] Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. V-06-053 |

## MEMORANDUM OPINION AND ORDER

Jesse Marion Bailey ("Bailey"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255. Bailey has filed two motions for summary judgment (Dkt. #5, 11). The Director has also filed a motion for summary judgment (Dkt. #18), to which Bailey has responded (Dkt. #21). The Court will **DISMISS** this action for the reasons stated below.

### I. Claims and Allegations

Bailey complains that his due process rights were violated in two disciplinary hearings: (1) case number 20060167101; and (2) case number 20060166260.[2] In disciplinary case number

---

[1] The proper respondent in a federal habeas corpus proceeding is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. There is generally only one proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Because Nathaniel Quarterman is the person who has custody over Bailey (*see* Dkt. #18-3), he is the proper respondent in this action.

[2] The Director concedes that Bailey has presented issues related to both of these disciplinary hearings. (Dkt. #18 at 3).

20060167101, Bailey was charged with using indecent or vulgar language. (Disciplinary Hearing Record ("DHR") at 1.) On February 21, 2006, Bailey attended a disciplinary hearing where he was found guilty by the Disciplinary Hearing Officer ("DHO"), who assessed the following punishments:

1. 30 days loss of recreation and commissary privileges;
2. suspension of contact visits through April 24, 2006;
3. 30 days cell restriction; and
4. a reduction in line class from S3 to S4

(DHR at 1, 8); (Disciplinary Hearing Tape "DHT"). On March 8, 2006, Bailey submitted a step-one grievance, appealing case number 20060167101. (Disciplinary Grievance Record ("DGR") at 1). This grievance was denied on March 31, 2006. (DGR at 2). On April 10, 2006, Bailey signed a step-two grievance, also appealing case number 20060167101. (DGR at 3-4). This grievance was denied on April 28, 2006. (DGR at 4).

In disciplinary case number 20060166260, Bailey was charged with threatening to inflict harm, physical or otherwise, on an officer. (DHR at 9). On February 21, 2006, Bailey attended a disciplinary hearing in which he was found guilty by the DHO, who assessed the following punishments:

1. 45 days loss of recreation and commissary privileges;
2. 45 days cell restriction;
3. seven days solitary confinement; and
4. a reduction in line class from S4 to L2.

(DHR at 9, 18); (DHT). On March 8, 2006 Bailey first submitted a step-one grievance, appealing case number 20060166260 and thereby initiating grievance case number 2006113173. (DGR at 5). On the same date, Bailey submitted another step-one grievance appealing the disciplinary case

number 20060166260. (DGR at 7). This caused case number 1006113173 to be initiated. (DGR at 7). The first step-one grievance, pertaining to case number 20060166260, was denied on March 31, 2006. (DGR at 6). The second step-one grievance, pertaining to case number 2006113168, was determined to be redundant and also denied on March 31, 2006. (DGR at 8). On April 14, 2006, Bailey submitted a step-two grievance, appealing grievance case number 2006113168. (DGR at 9). On April 28, 2006, it was denied and returned to Bailey. (DGR at 10). Bailey was then instructed on proper grievance procedures. (DGR at 10). Subsequently, Bailey filed the instant petition (Dkt. #1).

Bailey claims that his due process rights were violated with regard to disciplinary case numbers 20060167101 and 20060166260 as follows:

1. he was denied witnesses when the DHO refused to read his witness statements;
2. he received ineffective assistance of counsel substitute when he failed to object to the DHO's refusal of the witness statements;
3. he was restrained in lock-up under Lt. Peterson's orders;
4. the hearings were inadequate and incomplete;
5. TDCJ violated its own policies, procedures and rules; and
6. he was denied an impartial grievance and disciplinary reviews.

Bailey further claims that his due process rights were violated with respect solely to disciplinary case number 20060166260 as follows:

7. no evidence existed regarding the element of threatening to inflict ham on an employee;
8. he was denied the opportunity to present evidence of his injured hand;
9. the DHO was not impartial and was biased against Bailey;

3

    10.    the charge, as applied to him, was unconstitutionally vague; and

    11.    he was found guilty based on a false statement.

(Dkt #1 at 4-7); (Dkt. #5 at 1-4); (Dkt. #11 at 4-5, 8); (Dkt. #11-2 at 1-2).

## II. Analysis - No Actionable Punishment

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). Therefore, a central issue in a federal action challenging a prison disciplinary proceeding is whether the petitioner actually lost good-time credits to the extent that it would affect the length of time he must serve in prison. *See Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997). Bailey admits that he did not lose any good-time and that the only punishment he suffered was a temporary forfeiture of privileges and a demotion in classification. (Dkt. #1 at 3).

Bailey does not have a liberty interest in a particular inmate classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976). Although he may reason that a reduction in time earning status would lengthen his stay in prison, such arguments have been rejected as speculative. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of opportunity to earn good-time credits due to classification is a consequence which does not implicate constitutional interests). Inmates, such as Bailey, may be allowed to earn good conduct time to hasten their eligibility for release on parole or mandatory supervision, but they do not have an unqualified right to earn good time. TEX. GOVT. CODE § 498.003(a) (West 2006) ("Good conduct time is a privilege and not a right.").

There is no legal basis to Bailey's claim regarding his temporary loss of commissary, recreation, visitation, and cell privileges because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken*, at 193. A prisoner does not have

many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300. The temporary restrictions placed upon Bailey do not implicate due process concerns. *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

If Bailey were actually challenging a forfeiture of good-time, such a claim might be actionable if his release under mandatory supervision were actually delayed by the results of the disciplinary proceeding. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). But such a scenario does not apply to this action, and Bailey does not present any disciplinary sanction which can be remedied by this court. *Id.*; *see also Orellana*, 65 F.3d at 31-32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). Similarly, any possible adverse effects the disciplinary action may have had on Bailey's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

### III. Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes

showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Bailey has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## IV. Conclusion

The court **ORDERS** the following:

1. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2. The petitioner's motions for summary judgment (Dkt. #5, 11) and production of documents (Dkt. #20) are **DENIED**

3. The Director's motion for summary judgment (Dkt. #18) is **GRANTED**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 27th day of March, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

6